IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNIS PATRICK MCKNIGHT,

    Petitioner,                    No. CIV S-06-1749 LKK EFB P

    vs.

TOM FELKER,

    Respondent.                FINDINGS AND RECOMMENDATIONS

_____/

    Petitioner is a state prisoner proceeding with counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent moves to dismiss this action on the ground that the petition is untimely. As explained below, the court finds that the petition is untimely and recommends that the motion be granted.

**I.    Procedural History**

    Petitioner was convicted in the Sacramento County Superior Court on January 16, 2004 of attempted murder and assault with a firearm. Resp.'s Mot. To Dism. ("Mot."), Docs. Lodged in Supp. Thereof ("Lodg. Doc.") 1. The judgment included a finding as true a number of sentencing enhancements. *Id.* The superior court sentenced petitioner to a determinate state prison term of fourteen years, plus an indeterminate term of twenty-five years to life. *Id.* On November 9, 2004, the California Court of Appeal, Third Appellate District, affirmed the

judgment.[1]  Lodg. Doc. 2.  On January 12, 2005, the California Supreme Court denied review.  Lodg. Doc. 4.  Petitioner did not file any state post-conviction collateral challenges.  Mot. at 2, 3; Resp.'s Reply to Opp'n ("Reply") at 1-2.

On November 8, 2005, petitioner timely filed a pro se federal habeas petition in this court.  *See McKnight v. Runnels*, Case No. CIV-S-05-2262 LKK EFB, Dckt. No. 1.[2]  On February 27, 2006, respondent moved to dismiss the petition on the ground that two of the four claims raised in the petition were unexhausted.  *Id.*, Dckt. No. 9.  Respondent noted that petitioner could seek a stay and abeyance in order to exhaust his unexhausted claims in state court, and alternatively, that petitioner could amend his petition to include only his exhausted claims.  *Id.*, Dckt. No. 9 at 6-7.  In response to that motion, petitioner, on March 22, 2006, filed his own motion to dismiss, indicating his preference to return to the state courts to exhaust his claims.  *Id.*, Dckt. No. 13.  On April 21, 2006, the court recommended that the petition be dismissed without prejudice, noting that petitioner consented to the dismissal and that he did not request that the court hold the matter in abeyance.[3]  *Id.*, Dckt. No. 14.  Neither party objected to the findings and recommendations, which were adopted by the district judge on July 5, 2006.  *Id.*, Dckt. No. 15.  Judgment was duly entered.  *Id.*, Dckt. No. 16.  On August 9, 2006, after retaining counsel, petitioner filed the instant action.  Dckt. No. 1.

////

////

////

---

[1] The appellate court also instructed the trial court to correct several errors in the abstract of judgment, and the trial court corrected those errors on January 24, 2005.  Lodg. Docs. 2, 5.  The parties agree that this does not affect the date upon which the statute of limitations period began to run.  Mot. at 3, n.3; Pet'r Opp'n to Mot. ("Opp'n") at 2.

[2] A court may take judicial notice of court records.  *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

[3] The statute of limitations had expired nine days earlier, on April 12, 2006.

**II.    Statute of Limitations**

A one-year limitations period for seeking federal habeas relief begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review or the date on which the factual predicate of a claim could have been discovered through due diligence.  28 U.S.C.§ 2244(d)(1).

**A.    Statutory Tolling**

There is no statutory tolling of the limitations period "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed . . . ." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).  However, once a petitioner properly files a state post-conviction application the period is tolled, and remains tolled for the entire time that application is "pending."  28 U.S.C. § 2244(d)(2).  "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  In California, a properly filed post-conviction application is "pending" during the intervals between a lower court decision and filing a new petition in a higher court.  *Carey v. Saffold*, 536 U.S. 214, 223 (2002).  A federal habeas application does not provide a basis for statutory tolling.  *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

**B.    Equitable Tolling**

The doctrine of equitable tolling serves "to soften the harsh impact of technical rules which might otherwise prevent a good faith litigant from having a day in court," and to "prevent the unjust technical forfeiture of causes of action."  *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008) (internal quotations omitted) (granting equitable tolling where petitioner, in deciding when to file his federal petition, relied in good faith on binding Ninth Circuit precedent that later was overruled).  The limitations period may be equitably tolled where a habeas petitioner establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

3

In light of this pronouncement, the Ninth Circuit has reiterated that the threshold necessary to trigger equitable tolling is very high, and clarified that equitable tolling only applies where a petitioner shows that despite diligently pursuing his rights, some external force *caused* the untimeliness. *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009).

Petitioner has the burden of showing facts entitling him to statutory and equitable tolling. *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

**III.   Analysis**

In this case, the statute of limitations began to run when petitioner's conviction became final on direct review. *See* 28 U.S.C. § 2244(d)(1)(A). The California Supreme Court denied review on January 12, 2005. Lodg. Doc. 4. The conviction became "final" within the meaning of section 2244(d)(1)(A) when the time for filing a petition for writ of certiorari expired ninety days later, on April 12, 2005. Supreme Ct. R. 13; *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). The one-year limitations period commenced running the following day. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). Thus, petitioner had until April 12, 2006 to file his federal habeas petition. However, he did not file the instant petition until August 9, 2006. Dckt. No. 1. Absent tolling, the instant petition is nearly four months late.

Respondent contends that the petition should be dismissed as untimely. Petitioner argues that he is entitled to equitable tolling from November 8, 2005 through July 5, 2006 - the time during which the first federal petition was pending.[4] Opp'n at 2. He argues that the concurring opinion in *Duncan v. Walker*, 533 U.S. 167 (2001), suggests that "a mixed petition filed by a *pro se* petitioner must normally result in equitable tolling." *Id.* at 5, 6. As noted above, *Duncan* held that a federal habeas application does not provide a basis for statutory tolling. 533 U.S. at 181-82. In his concurrence, however, Justice Stevens suggested that the limitations period could be

---

[4] Petitioner does not argue he is entitled to statutory tolling, and there appears to be no basis for such tolling.

4

equitably tolled for petitioners "whose timely filed habeas petitions remain pending in district court past the limitations period, only to be dismissed after the court belatedly realizes that one or more claims have not been exhausted." *Id.* at 184 (Stevens, J., concurring in part and concurring in the judgment). While *Duncan* left open the possibility that the limitations period may be equitably tolled for the time that a timely filed federal petition is pending, it did not mandate such a result, as petitioner suggests. *See Duncan*, 533 U.S. at 181 ("We [] have no occasion to address the question . . . concerning the availability of equitable tolling."). Assuming the availability of equitable tolling here, the critical question is whether some external force beyond petitioner's control caused the instant petition to be untimely. As set forth below, it was petitioner's procedural mistake that caused the untimeliness, which is insufficient for purposes of equitable tolling.

      Petitioner contends the limitations period should be equitably tolled because the first federal petition was timely, provided notice to respondent, and because the court, in dismissing the first petition, "did not advise Petitioner of the risks of allowing his Petition to be dismissed after the running of the statute of limitations." Opp'n at 4-5. As even petitioner recognizes, however, "a district court is under no duty to inform a *pro se* litigant of the procedural dangers of allowing his first federal habeas petition to be dismissed." *Id.* at 5 (citing *Pliler v. Ford*, 542 U.S. 225, 231 (2004)); *see also Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) (district court not required to consider whether it should stay and abey a mixed habeas petition in the absence of a request). Here, the court was under no obligation to calculate the statute of limitations for petitioner or note that it had expired nine days earlier. *See Pliler*, 542 U.S. at 231 ("Explaining the details of federal habeas procedure and calculating statutes of limitations are tasks normally and properly performed by trained counsel as a matter of course. Requiring district courts to advise a *pro se* litigant in such a manner would undermine district judges' role as impartial decisionmakers."). Moreover, petitioner was put on notice through respondent's motion to dismiss that he could request a stay or delete his unexhausted claims, yet, petitioner

5

instead consented to dismissal without prejudice. *See McKnight*, Dckt. No. 9 at 6-7, Dckt. No. 13. *See also Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."). "Equitable tolling is typically denied in cases where a litigant's own mistake clearly contributed to his predicament." *Harris*, 515 F.3d at 1055 (noting that a petitioner's "oversight, miscalculation or negligence . . . would preclude the application of equitable tolling."). Since petitioner has not shown that he was unable to timely file the instant petition due to "external circumstances beyond [his] direct control," he is not entitled to equitable tolling. *See id.*; *Brambles v. Duncan*, 412 F.3d 1066, 1071 (9th Cir. 2005) (no equitable tolling where petitioner filed an untimely petition after he had previously filed a timely mixed petition but chose to dismiss the first petition at a time when the federal limitations period had already expired so that he could return to state court to exhaust); *Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006) (petitioner's "procedural mistake in asking for dismissal of his original petition is not a ground for equitable tolling.").

## IV.  Conclusion

The Court finds that petitioner has filed the instant habeas petition beyond the one-year limitations period and petitioner has failed to show facts justifying tolling. Therefore, respondent's motion must be granted.

Accordingly, it is hereby RECOMMENDED that respondent's April 6, 2007 motion to dismiss be granted and the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 21 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the

////

1  specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158

2  F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

3  Dated: December 8, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE